JONATHAN C. GIPSON *v.* ARTHUR BUMP.

*Replevin.    Pleading.*

In an avowry which alleges that the animal replevied was taken *damage feasant* and impounded in a public pound by the defendant, it is not necessary to give the *name* of the pound keeper.

Neither, in such a case, need the *title* of the defendant to the close, nor its bounds, abuttals or description be set forth in the avowry.

REPLEVIN for a cow. The defendant filed the following avowry:

And for a further plea in this behalf, the said defendant by leave of the court here for this purpose first had and obtained according to the form of the statute in such case made and provided, well avows the taking, detaining and impounding said light red cow, in said declaration mentioned, and justly, etc., because, he says, that at the time of said taking, detaining and impounding, to wit, on the 25th day of August, 1856, the plaintiff was seized and possessed of certain lands and real estate, situate in said Salisbury, as of his own close, which said close at the said time of taking, detaining and impounding was inclosed with a legal and sufficient fence, and on said 26th day of August, 1856, the defendant then and there found said cow in and upon said close, doing damage; and the defendant then and there took said cow so doing damage, and

Gipson *v.* Bump.

detained and impounded said cow in the public pound in said Salisbury; and that afterwards, on the 27th day of August, 1856, and within twenty-four hours thereafter, he gave personal notice thereof to the plaintiff, he being the owner of said cow, and also notified him to appear at the dwelling house of him, the said defendant, on the 28th day of August, 1856, and within twenty-four hours after such notice to appoint appraisers to appraise the damage done by said cow; and the plaintiff neglected to appear at the time and place aforesaid, or to appoint an appraiser, and he, the defendant, applied to Aaron Barrows, a justice of the peace within and for said county of Addison, who by law could judge between the parties in civil causes, to appoint appraisers, and said justice did then and there appoint Marshall S. Doty, Ebenezer H. Weeks and Enoch Paine appraisers to appraise the damage done by said cow; and the said appraisers did thereupon proceed to ascertain and appraise the damage done by said cow, and did ascertain the amount of damage so done to be the sum of one dollar and thirty-three and one-third cents, and did make a certificate of the amount thereof, with the costs of said proceeding, said costs being sixty-six and two-thirds cents, and did forthwith transmit the same to the keeper of said pound, which was the same taking, detaining and impounding in the said plaintiff's said declaration mentioned, without this that the defendant took, detained or impounded said cow at any other time or in any other manner, and this he is ready to verify. Wherefore he prays judgment and a *return of said cow with the damages, costs and expenses in this behalf sustained, to be adjudged to him.*

To this avowry the plaintiff demurred, alleging as a special cause of demurrer that the avowry did not sufficiently allege who the pound keeper was. The county court,—KITTREDGE, J., presiding,—adjudged that the avowry was sufficient, and rendered judgment for the defendant. Exceptions by the plaintiff.

*Linsley & Prout*, for the plaintiff.

*Briggs & Nicholson*, for the defendant.

BY THE COURT. 1. It was not necessary to give the name of the pound keeper in the avowry. The impounding was in a public pound. The pound keeper was a public officer, and it was no more necessary to refer to him by name, than to name the sheriff or jailer in alleging a commitment to the common jail.

2. The avowry sufficiently alleges that the appraisers transmitted the certificate of appraisal to the same pound keeper who kept the pound where the animal was impounded.

3. It was not necessary for the defendant to set forth his *title* in the avowry. It was enough to state that he was the *owner* or

*lawful occupant* of the close. That rule in the old English cases only applies to cases of distress for rent, where the *landlord* who distrained was out of possession and whose right to claim rent and make distress therefor depended wholly on his title. In such cases there was a manifest propriety in requiring him to set out his title. With us we have no such species of replevin, and there is no propriety in requiring the avowant to set out his title any more than in trespass or ejectment.

4. It was not necessary for the defendant to give the *bounds* or *abuttals* or *description* of his close in his avowry. This is not necessary in a declaration in *trespass quare clausum fregit,* and if the defendant's plea makes them necessary, the plaintiff may *new assign.* The avowry is in the nature of a declaration, and we think need not be more certain in that particular, and if the plea to it makes them necessary, the avowant may *new assign* also.

Judgment affirmed. Bennett, J., dissenting.